# IN THE UNITED STATES DISTRICT COURT OF KANSAS
# AT WITCHITA

| | |
|---|---|
| **DENNIS SANDERS,** ) | |
| ) | |
| and ) | |
| ) | |
| **USA DENT COMPANY LLC,** ) | |
| ) | |
| and ) | |
| ) | Case No. |
| **ZERO HAIL DEDUCTIBLE** ) | |
| **BY DCS LLC,** ) | |
| ) | |
| and ) | |
| ) | |
| **ZERO HAIL DENTS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **ALLY FINANCIAL INC d/b/a** ) | |
| **MOTORS INSURANCE** ) | |
| **CORPORATION,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| **NICOLE BEAUCHAMP,** ) | |
| ) | |
| and ) | |
| ) | |
| **PETER MELLOS,** ) | |
| ) | |
| <u>Serve at</u>: ) | |
| ) | |
| Defendants. ) | |

1

## PETITION

COMES NOW Plaintiffs, by and through undersigned counsel, and for their Petition, states the following to the Court:

## PARTIES

1. Plaintiff Dennis Sanders (hereinafter sometimes referred to as "Plaintiff Sanders") is the sole owner and proprietor of USA Dent Company LLC, Zero Hail Deductible by DCS LLC, and Zero Hail Dents, who has been falsely and wrongfully accused of making untrue statements, unprofessional conduct, and aggressive behavior.

2. Plaintiff Dennis Sanders is a licensed Kansas public adjuster who is a citizen of the State of Kansas.

3. USA Dent Company LLC ("USA Dent") is a sole proprietorship and limited liability company incorporated in the State of Kansas.

4. Zero Hail Deductible by DCS LLC is a sole proprietorship and limited liability company incorporated in the State of Kansas.

5. Zero Hail Dents is a sole proprietorship and limited liability company incorporated in the State of Nevada.

6. Plaintiffs are under information and belief that Defendant Ally Financial Inc. is a citizen of the State of Delaware.

7. Plaintiffs are under information and belief that Defendant Nicole Beauchamp is a citizen of the State of Michigan.

8. Plaintiffs are under information and belief that Defendant Peter Mellos is a citizen of the State of Michigan.

## JURISDICTION AND VENUE

9. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

10. Jurisdiction and venue are proper in the District Court of Kansas, pursuant to 28 U.S. Code § 1332.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

12. Plaintiffs are employed by various automotive dealerships to provide an independent recommendation of the value of the damage to automobiles in conjunction with the inspections and damage assessments done by insurance companies and their adjusters as well as providing repair services.

13. Plaintiffs' professional and technical expertise helps the dealerships he contracts receive fair and accurate compensation from insurance companies for the amount of damage and estimated costs of repairs for each automobile.

14. Plaintiffs' also perform the labor of moving and washing the dealership's automobiles to facilitate the inspection and appraisal process.

15. Prior to the events that are the subject matter of this lawsuit, Plaintiff USA Dent had a preexisting professional and contractual relationship with the dealership of G&G, Inc.

16. Plaintiff USA Dent performed and was to perform numerous services that totaled revenue measured in millions of dollars of work for G&G, Inc. in the course of the contractual relationship.

17. Defendants knew of the professional and contractual relationship between Plaintiff USA Dent and G&G, Inc., as G&G, Inc. President, John Wentling, contacted Defendants and apprised them of the contract, prior to the events contained within this Petition.

18. On July 22, 2020, G&G, Inc. received correspondence publishing and memorializing Defendants' spurious claims alleging that Plaintiff Dennis Sanders and his company Plaintiff USA Dent had a long history of "abusive and unprofessional conduct" and that Defendants had made the "decision that its employee adjusters will not work" with Plaintiffs.

19. In the aforementioned letter, Defendants made specific allegations that Plaintiff Dennis Sanders:

    a. Was verbally abusive;

    b. Constantly screamed in the adjusters' faces;

    c. Pounded his fists on vehicle;

    d. Made physical contact with one of Defendants' adjusters;

    e. Initiated contact that almost led to a physical confrontation;

    f. Wrongfully allowed one of his employees to carry a pistol.

20. Defendants further alleged that the behaviors of Plaintiff Dennis Sanders described above were present in "upwards of 20 claims" "over the last five or so years."

21.     Plaintiffs are under information and belief that Defendants knew the aforementioned statements were untrue at the time they were made, including the untrue accusations of assault.

22.     Moreover, in the same letter, Defendants stated that they would not allow Plaintiffs to work with their personnel and advised G&G, Inc. that it would not perform any damage assessment in conjunction with Plaintiffs.

23.     To clarify, Defendants' refusal to work with Plaintiffs was an attempt to "blackball" Plaintiffs from the industry and deter dealerships from hiring Plaintiffs.

24.     Defendants stated that if another public adjuster was hired, Defendants would work alongside them.

25.     Defendants further stated that they would only perform their damage assessment with a different public adjuster or independent to Plaintiffs' damage assessment.

26.     This mandate, in effect, means Plaintiffs' damage assessment would not be factored into Defendants' damage assessment or analysis, rendering Plaintiffs' opinion and ability to perform their job function moot.

27.     In addition to the allegations made in the described letter, Defendants also interfered with Plaintiffs' ability to render services to G&G, Inc. in the middle of a site inspection.

28.     In Dodge City, Plaintiff Dennis Sanders and his team at Plaintiff USA Dent met with one of Defendants' adjusters to perform an inspection. However, Defendants

forbid their adjuster from performing his function unless and until Plaintiff Sanders and his associates vacated G&G, Inc.'s premises.

29. Said aforementioned adjuster advised the parties involved that it was not his personal decision to refuse to move forward with the inspection and that the decision had been made by his superiors.

30. Defendants also alleged in other correspondence and conversations with G&G, Inc. representatives that at an inspection of another dealership in Louisiana that Plaintiff and his team had been "swearing" and that one of Plaintiff Sanders' employees that was carrying a firearm pursuant to an open carry permit caused Defendants and their employees to "feel unsafe."

31. G&G, Inc offered to address and accommodate Defendants' concerns including guaranteeing no firearms on its dealership premises while adjusters were performing inspections, in favor of completely banning work done in conjunction with Plaintiffs.

32. Despite these offers, Defendants continued to refuse to work with Plaintiffs.

33. As a result of Defendants conduct, G&G terminated its contract with Plaintiff USA Dent, as stated to Defendant Peter Mellos in September 9, 2020 correspondence.

34. Defendant Ally Financial Inc d/b/a Motors Insurance Corporation, Defendant Nicole Beauchamp, and Defendant Peter Mellos have intentionally interfered and continue to interfere with both existing contracts and business relationships with Plaintiff USA Dent's clients and deprived it of millions of dollars of business.

35. Defendants' aforementioned interference with Plaintiff USA Dent's ability to perform its function caused dealerships, including G&G, Inc. to sever their contracts with it.

36. Additionally, Defendants' aforementioned interference with Plaintiff's ability to perform his job caused dealerships, including G&G, Inc. to sever their business relationships with Plaintiff USA Dent and Plaintiff Sanders.

37. Plaintiffs are under information and belief that Defendants' statements about Plaintiff Sanders and corresponding actions were an intentional effort to get G&G, Inc. to sever their professional and contractual relationship with Plaintiff USA Dent.

38. In G&G, Inc.'s insurance policy with Defendants, Part II(C)(3)(c)(4) obligates G&G, Inc. to allow Defendants to inspect and appraise each covered automobile, but does not set forth any other limitations as far as outside parties or public adjusters.

39. Licensed public adjusters, including Plaintiff Sanders, are authorized via statute to represent their clients in relation to first party claims arising under insurance claims or contracts that insure the real or personal property of the insured, aids or acts on behalf of an insured in negotiating for, or effecting the settlement of, a claim for loss or damage covered by and limited to commercial lines insurance contracts. K.S.A. 2013 Supp. 40-5501-40-5519, also known as the Public Adjusters Licensing Act. Defendants' interference left Plaintiff unable to perform his duties under law.

40. Furthermore, public adjusters are required to be "trustworthy, reliable and of good reputation." K.S.A. § 40-5505. Defendants' defamatory statements interfere with

7

Plaintiff Sanders' ability to abide by this tenet by attempting to sully his reputation in the community and make him appear untrustworthy.

41. In addition, Defendants' defamatory allegations could cause Plaintiff Sanders to lose his public adjuster's license, as these statements accuse Plaintiff Sanders of demonstrating incompetence or untrustworthiness in the course of his job. K.S.A. § 40-5510.

42. Due to the false nature of Defendants' claims against Plaintiff Sanders and Plaintiff USA Dent, the lack of limitations under the insurance policy, and general practice in the insurance industry, there was no justification for an intentional interference with Plaintiff USA Dent and G&G, Inc.'s professional and contractual relationship.

43. Defendants' actions also caused Plaintiffs to lose out on prospective business relationships and/or contracts with other automobile dealerships.

44. Plaintiffs accrued millions of dollars in damages due to Defendants' actions and continue to accrue additional damages every day.

45. Plaintiff Sanders also has suffered, and continues to suffer, irreparable damage to his personal reputation and his company's reputation because of Defendants' actions.

46. The harm to Plaintiffs is pervasive and continuous in nature, as well as willful and wanton.

**COUNT I: DEFAMATION**

47. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

48. Defendants made certain false and defamatory allegations about Plaintiff Sanders, as described herein in Paragraphs 14-16.

49. Defendants' allegations were false.

50. As stated herein, Defendants knew their statements were false, or alternatively, publicized these statements with reckless disregard at a time when they had serious doubts about the truth of the statements.

51. In terms of publication of these defamatory allegations, Defendants communicated these allegations on July 22, 2020 to third party G&G, more fully described in Paragraphs 14-16. Defendants also communicated these allegations at the sites of several vehicle inspections, including in Louisiana and Dodge City as detailed in Paragraphs 24-26.

52. Defendants' false allegations exposed Plaintiff Sanders to ostracism, fear, contempt, and/or ridicule, and/or deprive Plaintiff Sanders of the benefit of his reputation in the community, his business relationships and contacts, and his ability to generate revenue including, but not limited to the harm set forth herein.

53. As a direct and proximate result of Defendants' false and defamatory allegations, Plaintiff Sanders has suffered – and continues to suffer – a loss of reputation, respect, revenue, and professional standing.

54. As a direct and proximate result of Defendants' false and defamatory allegations, Plaintiff Sanders has suffered – and continues to suffer – irreparable pain and suffering, loss of peace of mind, loss of wages, loss of benefits, loss of opportunity, and emotional distress.

55. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff Sanders, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs pray that this Honorable Court award them damages against Defendants – compensatory, nominal, and/or punitive – in such an amount in excess of $2,000,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest, as allowed by law; and any other relief deemed just and proper under the circumstances.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

56. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

57. There was an existing, valid contract between Plaintiff USA Dent and third-party G&G, Inc., which predated the allegations contained within this Petition.

58. Defendants knew about the contract between Plaintiff USA Dent and G&G, Inc. at the time of the conduct described in this Petition.

59. Defendants conduct was intentionally designed to get G&G, Inc. to breach, alter, or void their contract with Plaintiff USA Dent.

60. Defendants had no justification for their interference in the contractual relationship between Plaintiff USA Dent and G&G, Inc.

61. As a direct and proximate result of Defendants' interference in the contractual relationship between Plaintiff and G&G, Inc., Plaintiff USA Dent has suffered – and continues to suffer – damages including, but not limited to revenue based on its contract with G&G, Inc., future business opportunities, and its professional relationship with G&G, Inc. and other dealerships and industry participants.

62. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff USA Dent, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs pray that this Honorable Court award them damages against Defendants – compensatory, nominal, and/or punitive – in such an amount in excess of $2,000,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest, as allowed by law; and any other relief deemed just and proper under the circumstances.

## COUNT III: TORTIOUS INTERFERENCE WITH AN EXISTING BUSINESS RELATIONSHIP

63. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

64. There was a pre-existing business relationship with the probability of future economic benefit between Plaintiffs and third-party G&G, Inc., which predated the allegations contained within this Petition.

11

65. Defendants knew about the business relationship between Plaintiffs and G&G, Inc. at the time of the conduct described in this Petition.

66. Plaintiffs state with reasonable certainty that but for the conduct of Defendants, the business relationship between Plaintiffs and G&G, Inc. would have continued.

67. Defendants conduct was intentionally designed to interfere and sever the business relationship between Plaintiffs and G&G, Inc.

68. As a direct and proximate result of Defendants' interference in the business relationship between Plaintiffs and G&G, Inc., Plaintiffs have suffered – and continue to suffer – damages including, but not limited to revenue based on Plaintiff USA Dent's contract with G&G, Inc., future business opportunities, and Plaintiffs professional relationship with G&G, Inc. and other dealerships and industry participants.

69. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiffs, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs prays that this Honorable Court award them damages against Defendants – compensatory, nominal, and/or punitive – in such an amount in excess of $2,000,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest, as allowed by law; and any other relief deemed just and proper under the circumstances.

## COUNT IV: TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP

70. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

71. Plaintiffs had an expectancy of contracts with other dealerships that would yield economic benefits which were not able to be realized based on Defendants' actions.

72. Defendants knew about these potential other business relationships of Plaintiffs at the time of the conduct described in this Petition.

73. Plaintiffs state with reasonable certainty that but for the conduct of Defendants, these other business relationships would have come to fruition.

74. Defendants' conduct was intentionally designed to interfere with and prevent the formation of potential business relationships for Plaintiffs.

75. As a direct and proximate result of Defendants' interference in the potential business relationships of Plaintiffs, Plaintiffs suffered – and continue to suffer – damages including, but not limited to revenue, future business opportunities, and damage to their professional relationships with other dealerships and industry participants.

76. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiffs, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

WHEREFORE, Plaintiffs prays that this Honorable Court award them damages against Defendants – compensatory, nominal, and/or punitive – in such an amount in excess of $2,000,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest, as allowed by law; and any other relief deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**KNIGHT NICASTRO MACKAY, LLC**

/s/ Derek H. MacKay
Derek H. MacKay          KS #23213
Charlotte A. Johnston    KS #78881
304 West 10th Street
Kansas City, MO 64105
Telephone: (816) 708-0105
Facsimile: (303) 845-9299
Email: mackay@knightnicastro.com
       johnston@knightnicastro.com

**ATTORNEYS FOR PLAINTIFFS**

14